UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD WAYNE DYE,
    Plaintiff
v.

MICHAEL RICHARD POMPEO, *et al.*,
    Defendants

Civil Action No. 19-1645 (CKK)

MEMORANDUM OPINION
(November 14, 2019)

    Plaintiff Richard Wayne Dye brings a claim of retaliation under Title VII of the Civil Rights Act of 1964 against Michael Richard Pompeo, in his official capacity as the Secretary of the United States Department of State ("State Department"), and Miracle Systems, LLC. Plaintiff contends that Defendants retaliated against him by terminating his employment after he complained about a hostile work environment created by his supervisor, Jeff Mayberry. Defendant State Department has moved for dismissal, arguing that Plaintiff cannot bring a Title VII claim against the State Department because Plaintiff was never an employee of the State Department.

    Upon consideration of the pleadings[1], the relevant legal authorities, and the record for purposes of this motion, the Court GRANTS Defendant State Department's Motion. The Court finds that, in his Amended Complaint, Plaintiff has failed to allege facts sufficient to state a

---

[1] The Court's consideration has focused on the following documents:
- Mem. of Points and Authorities in Support of Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 11-1;
- Pl.'s Opp'n to Def. Mike Pompeo's Mot. to Dismiss ("Pl.'s Opp'n"), ECF No. 12; and
- Def.'s Reply in Further Support of its Mot. to Dismiss ("Def.'s Reply"), ECF No. 13.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

plausible claim that he was an employee of the State Department. As such, Plaintiff's claim against Defendant State Department is DISMISSED WITHOUT PREJUDICE.

## I. BACKGROUND

For the purposes of a Motion to Dismiss, the Court accepts as true the well-pled allegations in Plaintiff's Amended Complaint. The Court does "not accept as true, however, the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm. on Foreign Inv. in the United States*, 758 F.3d 296, 315 (D.C. Cir. 2014).

In his Amended Complaint, Plaintiff states that he "is and at all times relevant hereto was a contractor with the U.S. Department of State since 2005." Am. Compl., ECF No. 9, ¶ 7. Plaintiff's contracting company is Miracle Systems, LLC, which is under contract with the State Department to provide services in Kabul, Afghanistan. *Id.* at ¶¶ 8-9.

Through Miracle Systems, Plaintiff worked as a K-9 Mentor on the Antiterrorism Assistance Program. *Id.* at ¶ 10. Plaintiff was supervised by Jeffery Mayberry, the Miracle Systems Resident Program Manager. *Id.* at ¶ 11. Plaintiff alleges that Manager Mayberry created a hostile work environment for Plaintiff and others. *Id.* at ¶ 17. Plaintiff states that on or before December 13, 2017, he lodged a complaint against Manager Mayberry with his first line supervisors, Sam Brooks, Miracle Systems Deputy Resident Program Manager, and Mike Kuzmjak, Miracle Systems team leader. *Id.* at ¶ 24. Plaintiff claims that he was directed to file his complaint with the Human Resources Department of Miracle Systems. *Id.* at ¶ 25. On December 15, 2017, Plaintiff filed a complaint with Miracle Systems' Human Resources Department concerning Manager Mayberry. *Id.* at ¶ 28.

According to Plaintiff, from December 2017 to late January 2018, Willy Straubhaar, a Program Manager at Miracle Systems, investigated the complaint. *Id.* at ¶ 29. As a result of the

investigation, Manager Mayberry was terminated on January 30, 2018. *Id.* at ¶ 31. Plaintiff alleges that in February 2018 Manager Mayberry learned about Plaintiff's complaint. *Id.* at ¶ 32. And, on February 13, 2018, in a letter from the President and CEO of Miracle Systems, Sandesh Sharda, Plaintiff was terminated from his contract position. *Id.* at ¶ 33. Plaintiff requested, but did not receive, a written reason for his termination. *Id.* at ¶ 34. Plaintiff alleges that he was told by Mr. Straubhaar that he was terminated at the direction of State Department personnel Mike Otis and Anne Brunn who were going "in a new direction." *Id.* at ¶¶ 35, 38.[2]

On February 26, 2018, Plaintiff contacted his Equal Employment Opportunity Commission ("EEOC") counselor and filed a charge of discrimination related to his termination from employment. *Id.* at ¶ 58. More than 180 days have passed, and his claim is still pending before the EEOC. *Id.* at ¶ 59. Plaintiff filed this lawsuit on June 5, 2019.

## II. LEGAL STANDARD

Defendant State Department moves to dismiss the claim in Plaintiff's Amended Complaint under Rule 12(b)(6). According to Rule 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face."

---

[2] In his Amended Complaint, Plaintiff alleges that he was rehired as a K-9 Mentor in April 2018 and was again wrongfully terminated and/or not deployed in January or February of 2019. Am. Compl., ECF No. 9, ¶¶ 43-48. However, at this time, Plaintiff is not asserting a claim against Defendant State Department for this alleged second termination as such a claim has not been exhausted. *Id.* at ¶ 60; *see also* Def.'s Mot., ECF No. 11-1, 4 n.5 (explaining that Defense counsel confirmed that Plaintiff is not currently asserting claims related to the alleged second termination/non-deployment).

3

*Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III. DISCUSSION

There is only one issue before the Court in resolving Defendant State Department's Motion to Dismiss. Both parties agree that Title VII "cover[s] only those individuals in a direct employment relationship with a government employer. Individuals who are independent contractors or those not directly employed by such an employer are unprotected." *Spirides v. Reinhardt*, 613 F.2d 826, 829 (D.C. Cir. 1979). As such, the only dispute between the parties is as to whether or not Plaintiff qualifies as an employee of the State Department. Because the Court concludes that Plaintiff has not alleged facts sufficient to establish that he qualifies as an employee of the State Department, Plaintiff's Title VII claim against Defendant State Department must be dismissed for failure to state a claim for which relief may be granted.

Prior to considering the merits of Defendant State Department's Motion to Dismiss, the Court must address a threshold issue. In his Opposition, Plaintiff relies on facts alleged in an attached affidavit. Ex. 1, ECF No. 12-1. The facts alleged in Plaintiff's affidavit are not alleged in his Amended Complaint. "In determining whether a complaint fails to state a claim, [the court] may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997); *see also English v. D.C.*, 717 F.3d 968, 971 (D.C. Cir. 2013) (same). As such, the Court is restricted to the allegations in Plaintiff's Amended Complaint, and any documents either attached to or incorporated in that Amended Complaint. Plaintiff's affidavit makes allegations which are not

made in his Amended Complaint or in any document either attached to or incorporated in that Amended Complaint. As such, Plaintiff cannot rely on facts alleged in his later-filed affidavit to supplement a factually-deficient Amended Complaint. *See Lane v. D.C.*, 211 F. Supp. 3d 150, 159 (D.D.C. 2016) ("The complaint tells a different story than the affidavit, and that story is controlling for purposes of the pending motion to dismiss."). Accordingly, the Court cannot consider the allegations in Plaintiff's affidavit in resolving Defendant State Department's Motion to Dismiss.[3]

The Court now moves to the core dispute—is Plaintiff an employee of the State Department for purposes of Title VII? Pursuant to Title VII, an "employee" is defined as "an individual employed by an employer." 42 U.S.C. § 2000e(f). Due to the somewhat circular nature of this definition, courts use "common-law agency doctrine" in determining whether or not an individual is an employee. *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 322-23 (1992). In deciding whether an individual is an employee for purposes of Title VII, the Court must look to the "'economic realities' of the work relationship … [and] appl[y] … general principles of the law of agency to undisputed or established facts." *Spirides*, 613 F.2d at 831 (citing *Deaton Truck Line, Inc. v. NLRB*, 337 F.2d 697, 699 (5th Cir. 1964)). The common-law rules of agency dictate that the Court's determination must be based on a consideration of all circumstances involving the work relationship with no one factor being determinative. *See Id.; see also Holt v. Winpisinger*, 811 F.2d 1532, 1538 (D.C. Cir. 1987); *Building Material v. NLRB*, 669 F.2d 759, 764 (D.C. Cir. 1981) (noting that agency principles require examination of all aspects of the relationship).

---

[3] The Court notes that Plaintiff never requested that the Court consider the affidavit and convert Defendant State Department's Motion to Dismiss into a Motion for Summary Judgment.

While the Court's decision does not turn on any single factor, "the extent of the employer's right to control the 'means and manner' of the worker's performance is the most important factor to review here, as it is at common law and in the context of several other federal statutes." *Spirides*, 613 F.2d at 831 (footnotes omitted). The *Spirides* Court also identified eleven other factors that a Court should consider in deciding whether or not an individual is an employee:

> (1) the kind of occupation, with reference to whether the work usually is done under the direction of a supervisor or is done by a specialist without supervision; (2) the skill required in the particular occupation; (3) whether the 'employer' or the individual in question furnishes the equipment used and the place of work; (4) the length of time during which the individual has worked; (5) the method of payment, whether by time or by the job; (6) the manner in which the work relationship is terminated; I.e., by one or both parties, with or without notice and explanation; (7) whether annual leave is afforded; (8) whether the work is an integral part of the business of the 'employer'; (9) whether the worker accumulates retirement benefits; (10) whether the 'employer' pays social security taxes; and (11) the intention of the parties.

613 F.2d at 832. Evaluating the *Spirides* factors and all the circumstances surrounding Plaintiff's employment with the State Department, the Court concludes that Plaintiff's Amended Complaint fails to allege that he was an employee of the State Department for purposes of Title VII.[4]

The Court begins by considering the most important factor under *Spirides*, "the extent of the employer's right to control the 'means and manner' of the worker's performance." 613 F.2d at 831. In considering this factor, the Court analyzes whether the State Department had "the right

---

[4] In his Opposition, Plaintiff briefly mentions another test for determining joint employment developed in *NLRB v. Browning-Ferris Industries of Pennsylvania, Inc.*, 691 F.2d 1117 (3d Cir. 1982). However, Plaintiff concludes that "the Court should apply the *Spirides* test to determine whether plaintiff was an 'employee.'" Pl.'s Opp'n, ECF No. 12, 5-6. As both parties agree that the *Spirides* test is the applicable test, that is the test that the Court will use. However, the Court notes that the test in *Browning-Ferris* "is not terribly distinct from the primary consideration in the *Spirides* test." *Dean v. Am. Fed'n of Gov't Employees, Local 476*, 549 F. Supp. 2d 115, 122 (D.D.C. 2008). And, the Court's conclusion that Plaintiff is not an employee of the State Department for purposes of Title VII would be the same under either test.

to control and direct the work of [Plaintiff], not only as to the result to be achieved, but also as to the details by which that result is achieved." *Id.* at 831-32. The Court concludes that the State Department did not exercise such control over Plaintiff. Each of Plaintiff's direct supervisors worked for Miracle Systems, not the State Department. Am. Compl., ECF No. 9, ¶¶ 11, 13, 24. These direct supervisors, not the State Department, exercised daily control over the direction of Plaintiff's work. For example, when Plaintiff concluded that Manager Mayberry was creating a hostile work environment, Plaintiff reported the harassment to Miracle Systems' personnel, not to the State Department. *Id.* at ¶¶ 24, 28. Plaintiff's decision to ask Miracle Systems, rather than the State Department, for help in ameliorating his daily work environment is evidence that Plaintiff understood Miracle Systems, not the State Department, to be in control of the means and manner of his work.

Looking to the remaining *Spirides* factors, the Court finds that the majority of the factors weigh in favor of finding that Plaintiff is not an employee of the State Department. The Court will review the remaining factors, grouping related factors together for purposes of this discussion.

The Court finds that the first, second, and eighth factors all weigh in favor of finding that Plaintiff is not an employee of the State Department. These three factors relate to the nature of Plaintiff's work as a K-9 Mentor. First, as to factors one and two, Plaintiff reports that he worked as a K-9 Mentor and was a "canine subject matter expert." Am. Compl., ECF No. 9, ¶¶ 10, 37. The Court finds that work as a K-9 Mentor is a highly skilled occupation and specialty which would normally not be performed under the close direction of the State Department. Additionally, working with canines is not of the type of work that is integral to the State Department, nor is it of the type of work that would ordinarily be expected to be performed by

7

State Department employees. As such, the Court finds that factors one, two, and eight weigh against finding that Plaintiff is an employee of the State Department.

Next, the Court considers factors five, seven, nine, and ten. These factors all relate to the various types of work benefits which are normally associated with being an employee. In evaluating these factors, the Court considers the August 2017 draft contract between Plaintiff and Miracle Systems which was attached to Plaintiff's EEOC complaint. *See* Ex. 1, ECF No. 11-3. On a Motion to Dismiss, the Court can consider Plaintiff's EEOC complaint, and the attachments, as Plaintiff expressly referenced the EEOC complaint in his Amended Complaint. Am. Compl., ECF No. 9, ¶¶ 58-60. Moreover, "[t]o ignore an administrative complaint undisputedly filed by the plaintiff [him]self … would be to create unnecessary proceedings, against [the D.C. Circuit's] mandate." *Vasser v. McDonald*, 228 F. Supp. 3d 1, 11 (D.D.C. 2016). Additionally, Plaintiff refers to his "contract" relationship with Miracle Systems in his Amended Complaint, thus incorporating the contract into his Amended Complaint. Am. Compl., ECF No. 9, ¶¶ 8, 33. Moreover, in his Opposition, Plaintiff did not contest Defendant State Department's reliance on the contract.

Considering these factors, the various benefits of Plaintiff's employment tend to show that he was not an employee of the State Department. Miracle Systems, not the State Department, was responsible for ensuring that Plaintiff was paid hourly and provided any bonuses. Ex. 1, ECF No. 11-3, 4. In proving his time worked, Plaintiff submitted a timesheet, signed by his Miracle Systems supervisor, to Miracle Systems for payment. *Id.* at 5. Miracle Systems provided medical evacuation insurance and DBA insurance to Plaintiff, but neither Miracle Systems nor the State Department provided any fringe benefits including health insurance, paid vacation, or other employee benefits. *Id.* Additionally, as an independent

contractor of Miracle Systems, Plaintiff was "responsible for [his] own taxes and withholdings." *Id.* There is nothing in the contract to indicate that either Miracle Systems or the State Department provided Plaintiff with any retirement benefits. As such, the Court finds that factors five, seven, nine, and ten weigh in favor of finding that Plaintiff was not an employee of the State Department.

Next, the Court considers factor eleven, the intention of the parties. The Court finds that it was not the intention of the parties that Plaintiff be an employee of the State Department. The contract between Plaintiff and Miracle Systems repeatedly states that Plaintiff is an independent contractor of Miracle Systems. Ex. 1, ECF No. 11-3. It is unclear how being an independent contractor of Miracle Systems, which contracts with the State Department, would make Plaintiff an employee of the State Department. In fact, in his Amended Complaint, Plaintiff admits that he was "a contractor with the U.S. Department of State since 2005." Am. Compl., ECF No. 9, ¶ 7. And, in his EEOC complaint, Plaintiff checked the box indicating that he was a "contractor" not an "employee" of the federal government. Ex 1, ECF No. 11-3.

The Court further finds that factors four and six are equipoise. As to factor four, Plaintiff states that he was a contractor with the State Department from 2005 to his termination in 2017. Am. Compl., ECF No. 9, ¶ 7. However, it does not appear to the Court that the length of time during which Plaintiff worked clearly points to his status as an employee. As to factor six, Plaintiff provides conflicting allegations concerning the manner of his termination. Plaintiff alleges that he was terminated through a letter sent by the President and CEO of Miracle Systems. *Id.* at ¶ 33. Plaintiff further discussed his termination with Miracle Systems Program Manager Straubhaar, who told him that he was being terminated pursuant to the direction of State Department personnel. *Id.* at ¶ 35. Plaintiff alleges that his termination was in retaliation for

his complaint about Miracle Systems supervisor Mayberry. *Id.* at ¶ 70. As such, the Court finds that the manner of Plaintiff's termination does not clearly indicate his status as an employee of the State Department. Finally, Plaintiff's Amended Complaint alleges no information about factor three—whether the State Department furnished Plaintiff's equipment and place of work.

Considering the *Spirides* factors as well as "all of the circumstances surrounding [Plaintiff's] work relationship" with the State Department, the Court concludes that Plaintiff has failed to allege facts sufficient to show that Plaintiff was an employee of the State Department. 613 F.2d at 833. Because Plaintiff has failed to allege facts sufficient to show that he was an employee of the State Department, Plaintiff cannot bring a Title VII claim against the State Department. Accordingly, the Court GRANTS Defendant State Department's Motion and DISMISSES WITHOUT PREJUDICE Plaintiff's claim against the State Department.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant State Department's [11-1] Motion to Dismiss. The Court DISMISSES WITHOUT PREJUDICE Plaintiff's claim against the State Department. In his Amended Complaint, Plaintiff failed to allege sufficient facts to establish that he is an employee of the State Department for purposes of Title VII. As such, Plaintiff cannot state a Title VII claim against the State Department. The only remaining claim is that against Miracle Systems.

An appropriate Order accompanies this Memorandum Opinion.

                                                            /s/
                                                          COLLEEN KOLLAR-KOTELLY
                                                          United States District Judge